■ CROUSE-IRVING MEMORIAL HOSPITAL, INC., Respondent, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Appellants.—Judgment unanimously modified on the law and as modified affirmed without costs, and matter remitted to Commissioner of Health for further proceedings in accordance with the following memorandum: Respondent Commissioner appeals from a judgment which annulled his determination rejecting petitioner's application for revision of its 1976 Medicaid reimbursement rate and which directed the Commissioner to reconsider the application and revise the rate. We modify the judgment to delete the direction that the Commissioner reconsider the wage geographic differential applied in this case. The differential is one of several criteria used to adjust State-wide ceiling rates to arrive at a reasonable reimbursement rate for each facility. The general purpose of the differential is to eliminate the salary disparities between downstate and upstate facilities. A claim that other statistical studies based upon different samplings arrived at a different differential figure does not demonstrate that the Commissioner's methodology or computation was incorrect, and the claim that petitioner had a higher mix of skilled employees does not impact upon the geographic differential but rather, upon a different criterion

(see, 10 NYCRR 86-1.15 [a] [1], [3]). The Commissioner's rejection of this portion of petitioner's application was proper and should be sustained.

In all other respects the judgment should be affirmed. The issue here is whether the Commissioner's determination not to revise petitioner's reimbursement rate is arbitrary and capricious (Matter of Sigety v Axelrod, 91 AD2d 1091). The Commissioner rejected the subject application without conducting an administrative hearing, finding that a hearing was inappropriate to deal with the issues raised by petitioner; that petitioner failed to show that the costs of its neonatal center were higher than the costs for similar services at other facilities within its peer group; and that petitioner failed to show that its shorter length of patient stay and higher intensive care unit use directly caused part of the costs in excess of the routine and ancillary ceilings. We conclude that the issues raised by petitioner should be resolved in an administrative hearing (Matter of Sigety v Axelrod, 91 AD2d 1091, 1092, supra) and that the Commissioner's summary rejection of these claims was arbitrary and capricious. The base year for establishing the interim reimbursement rate was 1974. In that year the neonatal center was in its nascent stages, and the Commissioner should have considered the extent to which this circumstance warranted an upward revision in the reimbursement rate. Petitioner also made a sufficient showing that its shorter patient stays and greater number of patient days in its intensive care unit directly caused routine and ancillary costs in excess of the established ceilings. Accordingly, the matter is remitted to the Commissioner of Health for an administrative hearing and revision of petitioner's 1976 reimbursement rate for patient services. (Appeal from judgment of Supreme Court, Onondaga County, Inglehart, J.—art 78.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.